## Miller Estate

*Thomas J. Timoney* and *William R. Pomerantz*, for petitioner.

*High, Swartz, Childs & Roberts*, by *Louis M. Childs, 2d*, and *Schnader, Harrison, Segal and Lewis*, by *George H. Nofer, 2d*, for respondent.

TAXIS, P. J., May 21, 1958. — On April 7, 1958, James P. Kane filed a petition in this court entitled "Petition to Open Record — Appeal from Probate," requesting ths court to open the record of these proceedings. Accordingly on April 7, 1958, this court awarded a citation directed to all the parties in interest to show cause why the decree of the register of wills admitting the will of Bliss Elizabeth Miller, dated June 15, 1954, to probate should not be opened and set aside and the will of decedent, dated May 3, 1951, be admitted to probate.

Sidney Rosenzweig, individually and as executor of the estate of Bliss Elizabeth Miller, deceased, filed a motion to quash the appeal from probate, averring that the petition of Mr. Kane is in effect an appeal from probate and is, therefore, defective for two reasons. First, it is contended that Mr. Kane has failed to comply with section 208(*b*) of the Register of Wills Act of June 28, 1951, P. L. 638, wherein it is required that a ". . . bond in the name of the Commonwealth with sufficient surety in such amount, not less than five hundred dollars or more than five thousand dollars, as the register considers necessary, . . ." be filed with the register of wills within 10 days after filing an appeal, and providing further that if such bond is not filed within the 10-day period, ". . . the appeal shall be considered abandoned." Mr. Rosenzweig contends that inasmuch as no bond has been filed and the 10-day period has elapsed as of April 18, 1958, this appeal is conclusively determined to be abandoned and should therefore be quashed. Secondly, it is urged that the petition is defective in that petitioner has failed to comply with section 208(*a*) of the Register of Wills

Act of 1951 in failing to institute this appeal within the two-year period after the decree of probate of the Register of Wills of Montgomery County, dated December 2, 1954.

On the question of the bond it is argued on behalf of Mr. Kane that the two-year appeal period having expired, his petition is merely in the nature of a preliminary step toward taking an appeal from probate, and that if, by virtue of the present petition, an appeal is allowed, he will then proceed to take a formal appeal and will file his bond within 10 days of that date. Regardless, however, of how the petition is to be considered, it is my opinion that an appeal should not be allowed in the present situation and that therefore the question of the bond is moot.

Section 208 (a) of the Register of Wills Act provides:

"Appeals-*When Allowed*. Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to six months."

The appeal period in the present case expired on December 3, 1956. The present petition was filed approximately six months after that date. The provision of the Register of Wills Act cited above is almost identical to its predecessor, section 21 (a) of the 1917 Act, which has been the subject of discussion in numerous cases. The courts have regularly held that this provision must be strictly construed, and only in the case of forgery have the courts, as a matter of grace, allowed an extension of the two-year appeal period. See Culbertson's Estate, 301 Pa. 438; Howard's Estate, 45

46

D. & C. 588; Bell's Estate, 27 D. & C. 681; Venko Est., 8 Fiduc. Rep. 217. Nowhere in the present petition, in the brief filed on behalf of petitioner or in oral argument before the court, has the issue of forgery been raised. Lack of testamentary capacity, undue influence and fraud in the inducement, are the sole grounds relied upon by petitioner, and these grounds are insufficient under the above cited cases to warrant an extension of the appeal beyond the two-year limit.

Accordingly we enter the following

*Decree*

And now, May 21, 1958, the "Petition to Open Record — Appeal from Probate" of James P. Kane is hereby dismissed for failure to comply with the requirements of section 208(a) of the Register of Wills Act of 1951.